OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JAN 24 AM 10: 10

FEDERAL PUBLIC DEFENDER
MICHAEL L. DESAUTELS

95 PINE STREET
SUITE 150
BURLINGTON, VERMONT 05401
TEL: 802.862.6990
FAX: 802.862.7836
https://vt.fd.org

ASSISTANT FEDERAL DEFENDERS
BY STEVEN L. BARTH
BARCLAY T. JOHNSON
EMILY C. KENYON
SARA M. PULS

2:25-mc-11

**With a request to seal this letter**

January 23, 2025

Hon. Kevin J. Doyle
United States District Court
P. O. Box 836
United States Federal Building and Courthouse
Burlington, Vermont 05402

### Re: Request to appoint the Federal Public Defender Office and for a presentment without unnecessary delay

Dear Judge Doyle:

I have learned that a person deemed to be a suspect in the recent events surrounding the death of a United States Border Patrol agent is in custody. It appears likely that this person will be charged with a crime in the United States District Court for the District of Vermont. I request that you appoint the office of the Federal Public Defender to represent this person, whose name we believe is Teresa Youngblut. The appointment could be provisionally made subject to a review for financial eligibility. Authority to make this appointment is at Federal Rule of Criminal Procedure 44 and at 18 United States Code section 3006A. Particularly regarding the latter provision, I note that Ms. Youngblut appears to be eligible to have counsel appointed under the sixth amendment to the United States Constitution, per 18 U.S.C. § 3006A(a)(1)(H) because she might be subject to interrogation by law enforcement officers. 18 U.S.C. § 3006A(a)(1)(I) also would seem to apply. And if a charge is filed, representation would be proper under 18 U.S.C. § 3006A(a)(1)(A).

I realize that it is not ordinary to appoint counsel at this early stage of a proceeding. However, the law allows for it and the circumstances here call for it, especially if Ms. Youngblut has been held now for some days in a custodial or even quasi-custody situation. (To be clear, I do not know the details of her custodial status.)

I also ask that Ms. Youngblut be presented to the court without unnecessarily unnecessary delay, assuming she is in custody, per Fed. R. Crim. P. 5. *See also, County of Riverside v. McLaughlin,* 500 U.S. 44 (1991) (4th Amendment requires judicial determination of probable cause within 48 hours.)

Finally, I ask that this letter not be filed as a document with the court now; that is, that it be kept under seal to protect the privacy interests of a person identified as a possible suspect whose safety could

be jeopardized if the name was made public now.

Thank you.

Sincerely,

*[signature]*

MICHAEL L. DESAUTELS